## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

JOAN ANZIANI,

    Plaintiff

    v.

WENTWORTH BY THE SEA, LLC,

    Defendant

Civil Action
Case No. 1:18-cv-855-PB

## PROTECTIVE ORDER

The parties have agreed to the terms of this Protective Order; accordingly, it is

ORDERED:

1.    <u>Scope</u>.   All documents produced in the course of discovery, including initial

disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials which may be subject to restrictions on disclosure for good cause and information

derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order

concerning confidential information as set forth below.  This Order is subject to the Local Rules

of this District and of the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

2.    <u>Form and Timing of Designation</u>.  A party may designate documents as

confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that

will not interfere with the legibility of the document and that will permit complete removal of the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be

designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of

the production or disclosure of the documents.  The designation "CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER" does not mean that the document has any status or protection by

statute or otherwise except to the extent and for the purposes of this Order.

3.      Documents Which May be Designated CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER.  Any party may designate documents as CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER, but only after review of the documents by an attorney or a party

appearing pro se who has in good faith determined that the documents contain information

protected from disclosure by statute or that should be protected from disclosure as confidential

personal information, trade secrets, personnel records, or commercial information. The

designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the

Federal Rules of Civil Procedure.  Information or documents that are available in the public

sector may not be designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER.

4.      Protection of Confidential Material.

a.      General Protections.  Documents designated CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel

for the parties or any other persons identified in ¶ 4.b. for any purpose whatsoever other than to

prepare for and to conduct discovery, hearings and trial in this  action, including any appeal

thereof.

b.      Limited Third-Party Disclosures. The parties and counsel for the parties shall not

disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER documents to any third person or entity except as set forth in subparagraphs 1-6.

Subject to these requirements, the following categories of persons may be allowed to review

documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER:

      1.     Counsel.  Counsel for the parties and employees of counsel who have

responsibility for the preparation and trial of the action;

      2.     Parties.  Parties and employees of a party to this Order.  If the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents contain trade

secrets or other competitive, personnel or confidential information and disclosure to

another party could be harmful to the disclosing party, then add language: but only to the

extent counsel determines that the specifically named individual party or employee's

assistance is reasonably necessary to the conduct of the litigation in which the

information is disclosed.

      3.     Court Reporters and Recorders.  Court reporters and recorders engaged for

depositions;

      4.     Contractors.  Those persons specifically engaged for the limited purpose

of making copies of documents or organizing or processing documents but only after

each such person has completed the certification contained in Attachment A,

Acknowledgment of Understanding and Agreement to Be Bound.

      5.     Consultants and Experts.  Consultants, investigators, or experts

(hereinafter referred to collectively as "experts") employed by the parties or counsel for

the parties to assist in the preparation and trial of this action but only after such persons

have completed the certification contained in Attachment A, Acknowledgment of

Understanding and Agreement to Be Bound; and

6.      Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.      Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

d.      Copies.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies" of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

5.      Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents With the Court.

a.      Filing Party's Confidential Documents.  In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER under this Protective order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with Local Rule 83.12 and AP 3.3 for filing the confidential document under seal.

b.      Non-Filing Party's Confidential Documents.  In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket.   If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the court.  The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to Local Rule 83.12 and AP 3.3 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material.  The party seeking to maintain the confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) and AP 3.3 within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

6.      No Greater Protection of Specific Documents.  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

7.      Challenges by a Party to Designation as Confidential.  Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

a.      Objection to Confidentiality.  Within 30 days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

b.      Obligation to Meet and Confer.  The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

c.      Obligation to File Motion.  If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,  for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The failure to file the

motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of

documents to which an objection was made.

8.      Court Not Bound By Parties' Designation.  Nothing in this Order or any action or

agreement of a party under this Order limits the court's power to make orders concerning the

disclosure of documents produced in discovery, filed with the court, or used during any hearing

or at trial.

9.      Use of Confidential Documents or Information at Hearing or Trial. A party who

intends to present or anticipates that another party may present at any hearing or at trial

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived

therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum.

The court may thereafter make such orders as are necessary to govern the use of such documents

or information at a hearing or trial.

10.     Obligations on Conclusion of Litigation.

a.      Order Remains in Effect.  Unless otherwise agreed or ordered, the terms of this

Order shall remain in force as an agreement between the parties after dismissal or entry of final

judgment not subject to further appeal.  Actions to enforce the terms of the Order after dismissal

or entry of final judgment shall be by separate legal action and not by motion for contempt or

other relief filed in this action.

b.      Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Documents.  Within thirty days after dismissal or entry of final judgment not subject to further

appeal, the receiving party shall return to the producing party all documents treated as

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as

defined in ¶ 6.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

      c.      Deletion of Documents Filed under Seal from ECF System. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

      11.      Order Subject to Modification. This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

      12.      No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel

or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or

otherwise until such time as the court may rule on a specific document or issue.

       13.     Persons Bound.  This Order shall take effect when entered and shall be binding

upon all counsel and their law firms, the parties, and persons made subject to this Order by its

terms.

                       So Ordered

                           _____

ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JOAN ANZIANI,<br><br>          Plaintiff<br><br>          v.<br><br>WENTWORTH BY THE SEA, LLC,<br><br>          Defendant | Civil Action<br>Case No. 1:18-cv-855-PB |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned case and attached hereto,

understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to

the jurisdiction of the U.S. District Court for the District of New Hampshire in matters relating to

the Confidentiality Order and understands that the terms of the Confidentiality Order obligate

him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER in accordance with the Order solely for the purposes of the above-captioned case, and

not to disclose any such documents or information derived directly therefrom to any other

person, firm or concern.  The undersigned acknowledges that violation of the Confidentiality

Order may result in penalties for contempt of court or for other relief under the protective order

agreement.

Name:          _____

Job Title:      _____

Employer:     _____


Business Address:     _____

Date: _____          Signature: _____